I.

Grievance # / Status: 1903009 / EXHAUSTED

Defendants:

A. Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

B. Joseph P. Lopinto, III "Sheriff"
Jefferson Parish Sheriffs Office
1233 Westbank Expwy., Bldg. A; Harvey, LA 70058

C. Sue Ellen Monfra "Deputy Chief"
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

D. John Fitzpatrick "Legal Advisor"
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

E. Captain B. Bordelon "Assistant Deputy Administrator"
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

Statement of Claim:

The Jefferson Parish Correctional Center through Sheriff Joseph P. Lopinto, III and Deputy Chief Sue Ellen Monfra are currently violating my United States Constitutional rights by violating the 14th Amendment (equal protection Guarantee), 8th Amendment (cruel and unusual punishment) and 9th Amendment (Rights retained by the people) for the following reasons: Jefferson Parish Correctional Center "J.P.C.C." posted policy for Haircuts (which comes out the inmate Handbook) is:

**HYGIENE:**

"... JPCC requires all male inmate's hair remains **SHORT** while incarcerated within the facility. JPCC females inmates are required to have hair **no longer than sholder hair length**. Inmates are not permitted to wear extensions, braids, plaints, weaves, wigs, dreadlocks, toupees, emblems/designs or any hair style that are not standard or the norm to prevent the concealment of contraband and ensure the hygiene, sanitation, and personal safty for staff and inmates. Inmates are not allowed to wear any article in their hair..."

Under the 14th Amendment, equal Rights Guarantee, every inmate is supposed to be treated equally. Equal protection forbids state to treat one group worst than others and forbids discriminations or unequal treatment that is unjustified. J.P.C.C. is treating one class of inmates (males) differently then another class of inmates (females) by imposing modifications for different rules, both males and females should follow the exact same guideline. Equal protection would mean all hair length is to be the same for both male and females, both should be treated equally since both are housed at the same facility. The 14th Amendment is enforced by the 9th Amendment.

Females and males at J.P.C.C. both recieve the same items, with females actually being able to obtain more items than males as far as hygiene and clothing items. Males are not given **OR** allowed to purchase items that would make sholder length hair for male inmates a security risk and/or hygiene issue. Inactuality J.P.C.C. administrators are causing actual malice to male inmates at the facility by abusing their descreation the facility maintains. **Note:** J.P.C.C. is a pretrial facility.

Male inmates at J.P.C.C. who do not comply with the posted policy for males to have short hair, will recieve a Displinary Action Report "D.A.R." and be brought in from of the Displinary Board to have certain privillages taken away (i.e. no visitation, no recreation, limited commissary items). By J.P.C.C. taking away these privillages, due to inmates not being treated equally, is in violation of the 8th Amendment, cruel and unusual punishment. J.P.C.C goes as far as if a male inmate enters the facility that is not in compliance with the male haircut policy, that male is immediately/automatically on recreation restriction, not allowing that male to go outside for recreation.

Administrations at J.P.C.C. has not taken action to prevent predictable violations of rights within their areas of responsibility (policies), this falls under administrators as well.

**Sheriff Joseph P. Lopinto, III:** has lower level staff carrying out orders and enforcing policies; knows, or should know, that J.P.C.C. is utilizing unconstitutional proceedures and failing to correct the violation; has the power to correct the violation and the duty to act.

**Deputy Chief Sue Ellen Monfra:** Has reviewed individual grievances but has not corrected the violation; has lower level staff carrying out orders and enforcing policies; knows, or should know, that J.P.C.C. is utilizing unconstitutional proceedures and failing to correct the violation; has the power to correct the violation and the duty to act.

**Captain B. Bordelon:** Has reviewed individual grievances but has not corrected the violation; has lower level staff carrying out orders and enforcing policies; knows, or should know, that J.P.C.C. is utilizing unconstitutional

procedures and failing to correct the violation; has the power to correct the violation and the duty to act.

**John Fitzpatrick:** Has reviewed individual grievance but has not corrected the violation; knows, or should know, that J.P.C.C. is utilizing unconstitutional procedures and failing to correct the violation; has the power to correct the violation and the duty to act.

## Relief:

Compensatory damages and/or nominal damages and/or punitive damages and/or all other equitable relief as the court deems proper and necessary.

**Note:** If the court needs to modify the relief, it is asked of this Honorable Court to do as needed.

## II.

## Grievance# / Statis: 1901011 / Exhausted

## Defendants:

A. Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

B. Deputy Mendoza "Correctional Officer" (First name unknown)
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

C. Sergeant Murray "Correctional Officer" (First name unknown)
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

D. Lieutenant T.C. Rios "Watch Commander"
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

E. Captain R. Halstead "Intake Commander"
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

F: Major Edward Olsen "Deputy Administrator"
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

**Statement of Claim:**

On 10/20/2018 I was returned to Jefferson Parish Correctional Center from a East Baton Rouge court order. Once I was processed back into the Jefferson Parish Correctional Center "J.P.C.C." Deputy Mendoza placed me into Holding tank "T-1", I was placed in this tank, T-1, By myself until a deputy was able to escort me back to the dorm. When I was in Holding tank, T-1, Deputy Mendoza came to the tank in a very aggressive manner, accusing me of placing maxi-pads (female products) on the window. These maxi-pads appeared to be used. Deputy Mendoza continued to grow hostile towards the sistuation, I kept telling him, "I didn't place the maxi-pads on the window." The more I told ~~to~~ him, "it wasn't me", the more aggressive he became. Deputy Mendoza proceeded to get another deputy (Deputy Unknown) and Deputy Mendoza ordered to ~~taked~~ take off my shoes and go into the detox tank, at which I complied. Once my shoes were removed I only had socks on my feet. When deputy Mendoza and the unknown deputy placed me into the detox tank I was not hostile and/or aggressive with either deputy, before or during them placing me into the detox tank. The Detox Tank was extreamly unsanitary with: Feces, smelled like urine, Blood smeared on the walls as well as on the floor and used maxi-pads. The entire time I was in this tank I was terrified to move and/or touch anything, due to the sanitation issue with the tank.

After 30 to 45 mintues of being placed in the detox tank, Deputy Taylor came to escort me back to the dorm. As soon as the door opened Deputy Mendoza was a few feet away and the first thing he said to me was, "How did you like that Bitch?", which lead to an argument between him and I. Shortly after that, in front other inmates, Deputy Mendoza loudly told me, "You are a Rat and I have paper work to prove it" as well as "Your hair is long because you are a punk and take it in the ass," these are very detrimental allegations to be making infront of other inmates. Those allegations could get me seriously hurt inside this facility or follow me to another facility. When Deputy ~~Mendoza~~ Mendoza made these allegations about me infornt of other ~~...~~ inmates I felt **Humiliated** because these allegations are coming from a Correctional Officer who has authority, inmates may not know if these allegations are true, or not. Deputy Mendoza continued to argue with me the entire time I was walking out of Intake Booking, even when I returned to get my propeety Deputy Mendoza attempted to incite me more by saying, "Your property was thrown away!"

The Grievance that was filed requested for J.P.C.C. to preserve the video and audio of Intake Booking on 12/20/2018 so that this evidence may be presented to the United States District Court, as to what Deputy Mendoza's actions were.

On the Response that Lieutenant T.C. Rois filed, states "Inmate Kimble was disruptive and Rude to officers and other Arrestees", there was no Displinary Action Report wrote in regards to these allegations Lieutenant T.C. Rois is making. This is J.P.C.C. attempting to cover up the actions of Deputy Mendoza as well as his inadequate trainning. Lieutenant T.C. Rois should be supporting these allegations with **FACTS**!

This is inadequate trainning for all J.P.C.C. personal to believe a **Sober Inmate** is to be placed into a **Detox Tank** for any other Reasons than to detox. The tank is very clear on what its purpose is "Detox." This inadequate trainning goes all the way up to the Deputy Administrator, "Major Edward Olsen," Olsen agreed that Deputy Mendozas actions were in accordance with policy and proceedure. Deputy Mendoza deliberately abused his authority by punishing me for something I did not do (I was already in a tank by myself) But he put me into a Detox tank to punish me even further due to the detox tank being unsaintary, as well as deliberately Humiliated me infront of other inmates and J.P.C.C. Personal. Sergeant Murray was the acting Sergeant on duty but deliberately refused to intervene and allowed Deputy Mendoza to impose those punishments. Deputy Mendoza and Sergeant Murray are in direct violation of the 8th Amendment; "Cruel and Unusual Punishment."

**Major Edward Olsen:** Has reviewed individual grievances But has not corrected the violation; has lower level staff carrying out orders and enforcing policies; Knows, or should know, that J.P.C.C. is utilizing Unconstitutional ~~policies~~ proceedures and failing to correct the violation; Has the power to correct the violation and the duty to ACT.

**Lieutenant T.C. Rois:** Has reviewed individual grievances But has not corrected the violation; has lower level staff carrying out orders and enforcing policies; knows, or should know, that J.P.C.C. is utilizing unconstitutional proceedures and failing to correct the violation; Has the power to correct the violation and the duty to ACT.

**Captain R. Halstead:** Has reviewed individual grievances But has not corrected the violation; has lower level staff carrying out orders and enforcing policies; Knows, or should know, that J.P.C.C. is utilizing unconstitutional proceduros and failing to correct the violation; Has the power to correct the violation and the duty to ACT.

**Sheriff Joseph P. Lopinto, III:** has lower level staff carrying out orders and enforcing policies; Knows, or should know, that. J.P.C.C. is utilizing

unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to act.

**Deputy Chief Sue Ellen Monfa:** has lower level staff carrying out orders and enforcing policies; Knows, or should know, that J.P.C.C. is utilizing unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to act.

## Additional Defendants:

G. Joseph P. Lopinto, III "Sheriff
Jefferson Parish Sheriff's Office
1233 westbank Expwy., Bldg. A; Harvey, LA 70058

H. Sue Ellen Monfra "Deputy Chief"
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

## Relief:

Compensatory damages and/or nominal damages and/or punitive damages and/or all other equitable relief as the Court deems proper and necessary.

**Note:** If this Court needs to modify the relief, it is asked of this Honorable Court to do as needed.

III.

## Defendants:

A. Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

B. Joseph P. Lopinto, III "Sheriff"
Jefferson Parish Sheriff's Office
1233 Westbank Expwy., Bldg. A; Harvey, LA 70058

C. Sue Ellen Monfra. "Deputy Chief"
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

D. Major Edward Olsen "Deputy Administrator"
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

E. Captain B. Bordelon "Assistant Deputy Administrator"
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

F. John Fitzpatrick "Legal Advisor"
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

G. Sergeant C. Silbernagel "Classifications"
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

## Statement of Claims:

The following two complaints coincide with eachother, one complaint explains and/or supports the next:

### A.

Grievance #/Status: 1903008 /Exhausted

Defendants:

- Jefferson Parish Correctional Center
- Joseph P. Lopinto, III "Sheriff"
- Sue Ellen Monfra "Deputy Chief"
- Major Edward Olsen "Deputy Administrator
- Captain B. Bordelon "Assistant Deputy Administrator"
- John FitzPatrick "Legal Advisor"

Being Housed on Administrative Segeration in one of the end cells is cruel and unusual punishment, violating the 8th Amendment as well as a violation of the 14th Amendment, equal protection Guarantee. End Cells Being Considered: 1, 2, 12 and 13. Between the date of 1/7/2019 to 3/28/2019 I Was Housed on Administrative Segregation in Cells 12 and 13. At the time this Grievance was filed I was in cell 12, 4AR Cell 12.

How Administrative Segregation is run at the Jefferson Parish Correctional Center "J.P.C.C.": Every moring starting at 0800 hours ~~one~~ either cell one

or cell thirteen will open, letting the inmate out for his hour. There are only thirteen cells per administrative segregation dorm. The hours are periodically stopped for numerous events i.e.: medpass; clean up; roll call; inmates taken on or off the dorm; maintance; as well as numerious other reasons, that continually push the hours further back than scheduled. Every day the cells close at 1330 hours for roll call, which most days it takes two hours for roll call to be completed, not starting the hours again until 1530 or 1600 hours. The cells close at 2130 hours every night for roll call, which most days it takes two hours for roll call to be completed, not starting the hours ~~again~~ again until 2300 or 2330 hours. If there are no interruptions and the hours run perfect the hours would complete at 2100 hours. The schedule of the cells hours runs as follows: starting at 0800 hours from one to thirteen one moring, then the next morning starting at 0800 hours from ~~one~~ thirteen to one, the following morning starting at 0800 from one to thirteen and again the next morning starting at 0800 from thirteen to one, with the pattern never changing. **Note:** This system's designed to be 23 and 1.

When I was in cell twelve and/or thirteen, majority of the nights I would not come out the cell until 0030 hours, then the cell would open again at either 0800 or 0900 hours, which caused extream sleep problems by comming out so late at night, then having to wake up early the next moring again. After the hour given at 0800 or 0900 hours, I would not have another hour again until 36 hours later, due to the design.

The 14th Amendment (equal protection guarantee) guarantees that each inmate shall recieve the same exact treatment as every other inmate, including sleep! The entire jail is shut down between 2200 hours roll call and 0600 hours roll call, between those hours are no interruptions with sleep (lights and T.V.s are turned off as well), as well as every inmate assigned to their housing area. Being in cells: one, two, twelve or thirteen does not give those inmates the equal opportunity to sleep at a designated time, while being housed on Administrative Segreation Dorms; with these cells sleep pattern changes every other night making it impossible to recieve a full nights rest. Even trying to sleep during the day is impossible there is to much taking place: T.V.s are on and loud, lights are on, food is passed out three times a day, cells are open and closed all day, deputies are making noise on the dorm form multiple reasons as well as inmates, as well as numerious other actions and/or movements that take place throughout the day. Being in cells 12 and/or 13 caused me to become depressed, drowsey, easily irritated and symptoms of being deliriously at times due to the lack and/or inconsistent of sleep, these symptoms were reported to medical numerious times. In turn this is violating the 8th Amendment (cruel and unusual punishment).

Also on the Administrative Segreation Dorms cells 1, 2, 12 and 13 cannot

veiw the television due to the angle the cells are at and/or use the phones everyday since the phones turn on at 0800 hours and go off at 0130 hours. This is also inviolation of the 14th Amendment (equal protection guarantee) that everyother inmate on the Administrative Segreation Dorm is able to view the television as well as able to access the phone everyday. Inturn this is violating the 8th Amendment (cruel and unusual punishment). Allowing inmates to access the phone every other day is restricting those inmates to have contact with their family, friends and/or legal counselors.

**Note:** J.P.C.C. Inmate Handbook states, "Administrative Segregation is neither considered disciplinary nor punititve....." But.."certain privileges have been modified to make accommodations for inmates on Administrative Segreations..." Under the 14th Amendment (equal protection guarantee) all inmates are supposed to recieve the same treatment on the Administrative Segreation Dorms not one (four cells) being treated differently than all the other cells on Administrative Segreation Dorms. Inactuallity Administrative Segreation is punishment.

**Sheriff Joseph P. Lopinto, III:** has lower level staff carrying out orders and enforcing policies; knows, or should know, that J.P.C.C. is utilizing unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to act.

**Deputy Chief Sue Ellen Monfra:** Has reviewed individual grievances but has not corrected the violation; has lower level staff carrying out orders and enforcing policies; knows, or should know, that J.P.C.C. is utilizing unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to act.

**Captain B. Bordelon:** Has reviewed individual grievances but has not corrected the violation; has lower level staff carrying out orders and enforcing policies; knows, or should know, that J.P.C.C. is utilizing unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to act.

**Major Edward Olsen:** Has lower level staff carrying out orders and enforcing policies; knows, or should know, that J.P.C.C. is utilizing unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to act.

**John Fitzpatrick:** Has reviewed individual greviences but has not corrected the violation; knows, or should know, that J.P.C.C. is utilizing unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to act.

Relief:

Compensatory damages and/or nominal damages and/or punitive damages and/or all other equitable relief as the court deems proper and necessary.

**Note:** If the court needs to modify the Relief, it is asked of this Honorable court to do as needed.

## B.

Grievance # / Statis: 1903075 / Refused
1903032 / Refused

Defendants:

- Jefferson Parish Correctional Center
- Joseph P. Lopinto, III "Sheriff"
- Sue Ellen Monfra "Deputy Chief"
- Sergeant C. Silbernagel "Classifications"

Additional Defendants:

H. Lieutenant Wilkie "Security Investigations Unit"
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

On 11/5/2018 I was placed on Administrative Segreation for unrelated reasons, not on my own free will. On 1/5/2019 classifications was moving me from housing location 4DR Cell 5 to 4DL Cell 2a (two man cell), 4DR cell 5 is a oneman cell, at that point I enformed sergeant ennis that I was Homosexual and did not want to go into a two man cell because I was tried of being picked on for being a Homosexual. Ever since 1/5/2019 when I enformed this facility, Jefferson Parish Correctional Center "J.P.C.C., that I was a Homosexual classifications and/or other unknown deputies as well as Sergeant C. Silbernagel has been punishing me for being a Homosexual.

On 1/5/2019 after I enformed this facility that I was a Homosexual classifications and/or Sergeant C. Silbernagel placed me on the Homosexual dorm 2aL Cell 12, which is a General population dorm but I was being housed as an administrative segreation Inmate. On 1/7/2019 classifications and/or Sergeant C. Silbernagel changed my housing location from 2aL Cell 12 to 4DL Cell 13 (Administrative Segreation Dorm). 4DL Cell 13 is considered a punishment cell (**See Claim in this complaint "III A" for better insite**). Classifications personal and/or Sergeant C. Silbernagel moved inmate

Merton Bailey from 4DL Cell 13 (one man cell) to 4DL Cell 4 (one man cell), Both on Administrative Segreation, so that I, Raymond H. Kimble, III, will be placed in 4DL Cell 13 in order to punish me for Being a Homosexual. 4DL Cell 4 Comes out at a respectable Hour, able to view the Television as well as able to use the phone every day. If Classifications Personnal and/or Sergeant C. Silbernagel **was not** trying to cause Actual Malice, they would have placed me into 4DL Cell 4. Classifications Personnal and/or Sergeant C. Silbernagel nor any other personnal employed with J.P.C.C. will be able to provide another Reason other than Merton Bailey, 4DL cell 13 was moved to 4DL Cell 4 in order to place inmate Raymond H. Kimble, III in 4DL cell 13. **NOTE:** Classifications Personnal does not move inmates from cell to cell in order to Give the inmate a Better cell.

On 2/11/2019 4DL cell 13 (Administrative Segreation) had a maintance problem which 4DL cell 13 was closed until fixed. Captain Carter observed the problem and ordered that Classification move me to 4DL cell 6 (Administrative Segreation) on the same dorm, to make it easier on everybody as well as I have alot of Discovery to move. **NOTE:** 4DL Cell 6 Comes out a respectable Hour, able to view the television as well as able to use the phone everyday. Deputy Parker called Classifications via phone with Captain Carters orders and Classifications told Deputy Parker to move inmate Raymond H. Kimble, III to NorthWing 2nd floor Holding until I was properly moved. Even though two move sheets came out after I was placed on NorthWing 2nd floor Holding, I was not moved until the next Day. When I was moved on 2/12/2019 Classification Personnal and/or Segreant C. Silbernagel seen to it that I would not Go into a respectable cell, 4DL Cell 6, to keep punishing me. (4DL Cell 6 was unoccupied until at least **2/14/2019**), I was moved to 4DR Cell 12 (Administrative Segreation Dorm) which is the same as 4DL Cell 13. **4AR** Cell 12 is considered a punishment cell (**See claim in this Complaint "III A" for Better insite**).

Classifications Personnal and/or Segreant C. Silbernagel deliberately and continually inflicted cruel and unusual, violating the 8th Amendment, By deliberately placing me in cells: 4DL cell 13 and 4aR cell 12 for Being a Homosexual and/or any other Reasons Classifications and/or Segreant C. Silbernagel felt the desire to punish me for.

**Joseph P. Lopinto, III "Sheriff":** Knows, or should know, that J.P.C.C. is utilizing unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to act.

**Deputy Chief Sue Ellen Monfra:** Knows, or should know that J.P.C.C. is utilizing unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to act.

**Lieutenant Wilkie:** Has reviewed individual grievances but has not

Corrected the violation; knows, or should know, that J.P.C.C. is utilizing unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to act.

Relief:

Compensatory damages and/or nominal damages and/or punitive damages and/or all other equitable relief as the court deems proper and necessary.
**Note:** If the court needs to modify the relief, it is asked of this Honorable Court to do as needed.

## Relief for III A and III B overall (If necessary):

Compensatory damages and/or nominal damages and/or punitive damages and/or all other equitable relief as the court deems proper and necessary.
**Note:** If the court needs to modify the relief, it is asked of this Honorable Court to do as needed.

## IV.

**Grievance # / Statis:**
A. 1908009 / Refused
B. 1908016 / Still Pending
C. 1908046 / Refused

- All Grievances filed are releated to the entire claim as a whole.

## Defendants:

A. Joseph P. Lopinto, III "Sheriff"
Jefferson Parish Sheriffs Office
1233 Westbank Expwy., Bldg. A; Harvey, LA 70058

B. Sue Ellen Monfra "Deputy Chief"
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

C. Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

D. Major Edward Olsen "Deputy Administrator"
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

E. Captain B. Bordelon "Assistant Deputy Administrator"
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

F. Lieutenant Wilkie "Security Investigations Unit"
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

G. Sergeant C. Silbernagel "Classifications"
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

H. Deputy J. Shaw "Position Unknown"
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

I. Deputy C. Rivers "Security Investigations Unit"
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

J. Deputy E. Banner "Special Investigations Unit"
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

## Statement of Claim:

On 6/24/2019 I was returned to Jefferson Parish Correctional Center "J.P.C.C." from a East Baton Rouge Court order. The J.P.C.C. armband was removed in East Baton Rouge Parish Prison on 6/11/2019. From 6/24/2019 to 7/13/2019 no armband was placed on me.

On 7/13/2019 I was brought to the Classifications Department at J.P.C.C. to ~~recieved~~ recieve a armband, I was escorted by Deputy J. Turner. Sergeant Silbernagel maliciously and deliberately placed a armband on me extreamly **tight**. **Note:** A armband is one source to identify the inmate, there is also a identification card placed in each unit to identify the inmate as well. It took Sergeant Silbernagel almost four minutes to place the armband on me, from the time he started, by putting it on my wrist. Throughout the duration of him placing the armband on, I continually inform Sergeant C. Silbernagel that the

armband was to tight as well as Hurting me But continued to get the armband on. The armband was so tight he could not get the tool into the proper position to secure the armband. Sergeant C. Silbernagel pinched my skin numerious times in attempt to get the armband to secure, which he eventually ~~succeeded~~ succeeded. The armband was so tight it was cutting into my skin, every time I moved my wrist. When I asked Sergeant C. Silbernagel to remove the armband for the reasons of, it is cutting into my wrist and to tight, his response to me was, "If the Armband comes off you will be placed on Administrative Segregation." Sergeant C. Silbernagel was determined to punish me.

After, about, 45 mintues of the armband being on my hand, my Hand went completely numb, I asked Sergeant K. Kline and Deputy J. Turner to call medical. Deputy J. Turner was assigned to Northwing 2a, the Housing location I was on. Medical came to Northwing 2aL Immediately, Nurse Gina observed the Armband and said "The Armband is to tight and needs to be removed immediately." Sergeant C. Silbernagel was called to remove the armband immediately, He came to Northwing 2a to look at the armband and stated, "Its not to tight," He then stated to me by threating me; "If the armband comes off he will place me on Administrative Segregation." Shortly after ~~Segregation~~ Sergeant Silbernagel left, Deputy K. Joseph (Recreation Deputy) escorted me to 4CL cell 12 to be placed on Administrative Segregation. This was Documented in the Northwing 2a ~~Log~~ Log Book. **Note:** I Had to pack and move all my personal items with a numb hand, that the armband was cutting into every time I moved my wrist.

While I was being escorted to North Wing 4C, I came in contact with Deputy E. Banner, Deputy E. Banner was passing out what appeared to be Grievances on Northwing 4C, Deputy E. Banner was shown the armband as well as informed that Sergeant C. Silbernagel deliberately and maliciously put the armband on me. Deputy E. Banner said "She will take care of it." Following this Deputy K. Joseph took me to classifications to get the armband removed. Deputy Watkins (classifications) removed the armband. Immediately after the armband was removed I was brought to medical to be screened for Administrative Segregation, again I was seen by nurse gina. Nurse Gina took my vitals which were extreamly High Due to the emotional stress the sistuation was causing. Nurse gina also observed the abrasions and how raw the skin was where the armband was at. Nurse Gina Logged all this into the computer system.

**Note:** Nurse Gina of Correct Health and Deputy J. Turner of J.P.C.C. Both Logged everything properly, quit working for Correct Health and/or J.P.C.C. within 45 days following this incident. **(Maybe Retaliation Related)**

On 7/15/2019 and 7/18/2019 I wrote Deputy E. Banner as to why I am on administrative Segregation on grounds that I never Recieved a "Notice of Administrative Hearing or Review" as to why I was being placed on Administrative

Segreation. There was no response from Deputy E. Banner and she has the authority to remove me off of Administrative Segreation. On or around 7/25/2019 Sergeant C. Silbernagel sent a "Notice of Administrative Hearing or Review" for a Hearing Date of 7/29/2019. **NOTE:** These Hearings are normally sent the next Business day once a inmate is referred to Administrative Segreation, not almost two weeks. Sergeant C. Silbernagel Reasons to reffer me to Administrative Segreation was "... You refused to Recieve a armband.... Without an armband the facility cannot Have a positive identification of your person..."; I recieved a armband which Sergeant C. Silbernagel placed on me extreamly tight and there is a PHOTO identification card in each pod to be able to identify the inmate. **Note:** There are numerious other inmates within U.P.C.C. who do not Have a armband but **are not** on administrative Segreation for not Having a armband; Armbands are removed for numerious reasons, i.e. post-suicide, court purposes, medical reasons, Damaged or removed armbands; **Fabian Lira**, 2aL cell ~~8~~ and/or 2aL cell 12 did not Have a armband on from the time he was processed in the facility until 9/10/2019 which Deputy Watkins (Classifications) Escorted him to classifications to recieve a armband; this puts U.P.C.C. in violation of the 14th amendment (equal protection guarantee) Because no other inmate except for me was placed on Administrative Segrection for solely armband purposes.

On 7/29/2019 Deputy E. Banner conducted the Administrative Hearing, she found no cause to keep me on Administrative Segreation Due to me not Having a armband; even though I still had no armband Deputy E. Banner released me Back into general population. Deputy E. Banner recommended that I be released Back to the general population. **Note:** Beds were open on the Housing area I am supposed to be Housed on and/or Administrative Segreation Inmates were on the Housing Unit (General population) Northwing 2aL which I should have been swapped out with so that I may return to the general population, Administrative Segreation inmate Charles Washington, Northwing 2aL Cell 13 was in that cell prior to 7/29/2019, him and I should have been swapped out. On or around 7/30/2019 Deputy J. Shaw deliberately and maliciously ~~re-recommended re-recommended re-recommended~~ re-recommended me to be referred Back to Administrative Segreation, Due to; "there Began no Beds in the Housing area that I am supposed to be Housed in"; as I've Just explainned Beds were open and/or I should have been swapped. The next Administrative Hearing Date was set for 8/1/2019.

On 8/1/2019 Deputy E. Banner and Deputy Rivers conducted the Administrative Hearing (This Hearing was in releation to the Housing Availability). Deputy Rivers told me that as soon as a Bed opens up on ~~2a~~ Northwing 2aL I would be moved Back to the General population. Deputy Rivers then asked Deputy Moody (Court Transportation) to escort me to classification to Have a armband properly placed on me. Deputy C. Joseph (Classifications) properly placed the armband on me which I was brought Back to Deputy Rivers for his approval. **Note:** When I was Brought to Classifications I observed the Housing unit are Northwing 2aL where

I am to be Housed. ID Cards Cover the Housing areas that inmates are Housed in, Northwing 2aL 7B and Northwing 2aL 8 was not occupied when I was brought to Classifications on 8/1/2019. Classifications should have moved me the next moring to Northwing 2aL.

Between 8/2/2019 and 8/9/2019 numerous request forms were sent to Deputy E. Banner and Deputy Rivers as to why I wasn't removed from Administrative Segreation and placed back in the General population. On 8/12/2019 Deputy Rivers brought me back to another Administrative Hearing and Informed me the reason I was not moved back into General population was because, he thought I wanted to remain on Administrative Segreation when I went to the Administrative Hearing on 8/1/2019. As I explained to Him, that when I went to the Administrative Hearing on 7/29/2019 with Deputy E. Banner I asked to Go back to General Population, which Deputy E. Banner authorized that I return back to General population, there is no reason three days later I would have changed my mind. Deputy Rivers Maliciously Kept me on Administrative Segreation to further punish me. On 8/13/2019 I was returned back to General Population, North Wing 2aL cell 13. The circumstances of this situation should have never taken 31 days to Release me from Administrative Segreation, this should have been resolved immediately.

From 7/13/2019 to 8/13/2019 the circumstances surrounding the entire sistuation Caused severe emotional distress as well as the Conditions of Injury with my wrist were present for 2 weeks. Sergeant C. Silbernagel Continously punished me expressing egregiousness conduct with the willfulness to infringe. Sergeant C. Sibernagel deliberately and maliciously went from one extreem to the next: Put a armband on me extreamly tight, to the point medical ordered it to be removed; Placed me on Administrative Segreation to further punish me, instead of properly placing a armband on me; With Held the Administrative Hearing documents for almost two weeks to keep me on Administrative Segreation; all with the deliberate intention to Cause Harm (punishment). As well as all other Deputies and/or J.P.C.C. Personnal Had the Authority to intervene and correct the sistuation But they deliberately refused and incited the sistuation more. Inflicting cruel and unusual punishment in Violation of the 8th Amendment. NOTE: The procedure for Administrative Segreation once a inmate is placed on Administrative Segreation, Reguardless of the date the Administrative Hearing is scheduled for the first Hearing the proceeding Administrative Review will be held 30 days from the Date the inmate was referred to Administrative Segreation; 7/13/2019 to 8/11/2019 would be 30 days, I went back up for a Administrative Review on 8/12/2019, this is no coincidence.

If there is any ad hoc insight gathered by this Honorable Court Please address it accordingly. My Interpretation is of course limited to my knowledge; this should not limit the scope of this civil Action.

**Joseph P. Lopinto, III "Sheriff":** Knows, or should know, that J.P.C.C. is utilizing unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to Act.

**Deputy Chief Sue Ellen Monfra:** Knows, or should know, that J.P.C.C. is utilizing unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to Act.

**Major Edward Olsen:** Knows, or should know, that J.P.C.C. is utilizing unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to Act.

**Captain B. Bordelon:** Knows, or should know, that J.P.C.C. is utilizing unconstitutional procedures and failing to correct the violation; has the power to correct the violation and the duty to Act.

**Lieutenant Wilkie:** Has reviewed individual Grievances but has not corrected the violation; Knows, or should know, that J.P.C.C. is utilizing unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to Act.

## Relief:

Compensatory damages and/or nominal damages and/or punitive damages and/or enhanced damages and/or discretionary damages and/or consequential damages and/or all other equitable relief as the court deems proper and necessary.

**Note:** If this court needs to modify the Relif it is asked of this Honorable court to do so.

## V.

**Grievance # / Statis:** 1909040 / still pending

## Defendants:

A. Joseph P. Lopinto, III "Sheriff"
Jefferson Parish Sheriffs Office
1233 Westbank Expwy., Bldg. A; Harvey, LA 70058

B. Sue Ellen Monfra "Deputy Chief"
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

C. Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

D. Major Edward Olsen "Deputy Administrator"
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

E. Captain B. Bordelon "Assistant Deputy Administrator"
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

F. Lieutenant Wilkie "Security Investigations Unit"
Jeffeson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

## Statement of Claim:

Lieutenant Wilkie is deliberately and Maliciously Denying inmate Grievance forms for Various reasons, in order to protect personnal of Jefferson Parish Correctional Center "J.P.C.C." from recieving disciplinary Actions for the violations that J.P.C.C. Personnal Has committed, causing due process.

Grievance(s) Refused:

A. 1903032 (also claim and Grievance in "III B")
Reason Refused: False I/M Can Communicate with classifications through inmate request procedure.

B. 1903075 (also Claim and Grievance in "III B")
Reason Refused: Multiple Complaints: file separate Grievances

C. 1908009 (also Claim and Grievance in "IV")
Reason Refused: Premature

D. 1908046 (also Claim and Grievance in "IV")
Reason Refused: Premature

Each of these listed Grievances had a valid Complaint against J.P.C.C. Personnal Where a violation was committed. Since (Grievance #(s) 1903075 and 1903032) were denied deliberately and Maliciously, it allowed for the same J.P.C.C. personnal these Grivances were filled on to further inflict injury against me, (See Grievance #(s) 1908009 and 190846 and 1908016). These five listed Grievances are all releated to the same J.P.C.C. Personnal resulted for a Act Caused by

that J.P.C.C. Personnal. The only Grievance Lieutenant Wilkie allowed to go through was (Grievance # 1908016), when you look at this Grievance throughly it is obvious that Lieutenant Wilkie originally refused that Grievance as well, denying the Grievance as premature. **Note:** By "Type of Complaint" it is obvious "Refused" was wrote first then whited out; By "Administrative use only" it is obvious that "Premature" was checked off then whited out. (This Grievance can be found under claim IV).

E. 1909028 / Reason Refused: Request

This Grievance was filed on the time delays it takes for answered Grievances, even refused, to be returned to inmates within a timely manner, making the 30 day window to re-file the Grievance impossible.

F. 1905046 / Reason Refused: Request

This Grievance was asking that Grievance # 1903075 be reviewed, it does not have multiple complaints; Grievance # 1903075 is very direct and specific as to what the complaint is. (This Grievance can be found under claim III B).

By Lieutenant Wilkie deliberately denying these grievance allowed for J.P.C.C. Personnal, who the Grievance was on, to further inflect injury and cause harm. Lieutenant Wilkie is deliberately covering up the actions of these J.P.C.C. personnal so that no disciplinary actions will be taken on them. Lieutenant Wilkie has not corrected the violations that took place; knows that J.P.C.C. Personnal is utilizing unconstitutional procedures and refusing to correct the violation; has the power to change the violation and the duty to act.

**Sheriff Joseph P. Lopinto, III:** Knows, or should know, that J.P.C.C. is utilizing unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to act.

**Deputy Chief Sue Ellen Monfra:** Knows, or should know, that J.P.C.C. is utilizing unconstitutional proceedures and failing to correct the violation; Has the power to correct the violation and the duty to act.

**Major Edward Olsen:** Knows, or should know, that J.P.C.C. is utilizing unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to act.

**Captain B. Bordelon:** Knows, or should know, that J.P.C.C. is utilizing unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to act.

**If there is any ad hoc insight gathered by this Honorable Court please address it accordingly. My interpretation is of course limited to my knowledge; this should not limit the scope of this civil action.**

## ADDitional Defendants:

G. Deputy E. BanneR "Security Investigations Unit"
Jeffeson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

On 9/23/2019 Deputy E. Banner returned the Grievance that was filed in reference to this claim. Deputy E. Banner did file facts in her response but manipulated important fact and/or parts in the response to further allow no action to be taken on the Personnal of Jefferson Parish Correctional Center.

**Deputy E. Banner:** Has reviewed individual Grievances but has not corrected the violation; Knows, or should know, that J.P.C.C. is utilizing unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to act.

## Relief:

Compensatory damages and/or nominal damages and/or punitive damages and/or continuing damages and/or consequential damages and/or all other equitable relief as the court deems proper and necessary.
**Note:** If this Court needs to modify the relief it is asked of this Honorable Court to do so.

It is further asked of this court to appoint a special monitor to investigate this throughly to see if this has been and/or is a Recurring event.

## VI.

## Defendants:

A. Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

B. Joseph P. Lopinto, III "Sheriff"
Jefferson Parish Sheriffs Office
1233 WestBank Expwy., Bldg. A; Harvey, LA 70058

C. Sue Ellen Montra "Deputy Chief"
100 Dolhonde Street; Gretna, LA 70053
Jefferson Parish Correctional Center

D. Major Edward Olsen "Deputy Administrator"
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

E. Captain B. Bordelon "Assistant Deputy Administrator"
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

F. Sergeant K. Kline "Correctional Officer"
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

G. Deputy Hollermann "Correctional Center"
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

H. Correct Health
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

I. Skye Noble "Health Service Administrator"
Correct Health "Jefferson Parish Correctional Center"
100 Dolhonde Street; Gretna, LA 70053

J. Nurse Kim "Position Unknown" (Last and/or First name Unknown)
Corret Health "Jefferson Parish Correctional Center"
100 Dolhonde Street; Gretna, LA 70053

K. Juanita Alexander-Saller "Nurse Practitioner"
Correct Health "Jefferson Parish Correctional Center"
100 Dolhonde Street; Gretna, LA 70053

L. Deanna Quin-Stevenson "Nurse Practitioner"
Correct Health "Jefferson Parish Correctional Center"
100 Dolhonde Street; Gretna, LA 70053

## Statement of Claims:

The following two complaints are both referring to CorrectHealth Medical at Jefferson Parish Correctional Center:

**A.**

Grievance#/ Status: Grievance filed date: 9/20/2019 ; still pending

Defendants:

- Jefferson Parish Correctional Center
- Joseph P. Lopinto, "Sheriff"
- Sue Ellen Monfra "Deputy Chief"
- Major Edward Olsen "Deputy Administrator"
- Captain B. Bordelon "Assistant Deputy Administrator"
- Correct Health
- Nurse Kim "Position Unknown"
- Sergeant K. Kline "Correctional Officer"
- Deputy Hollerman "Correctional Officer"
- Skye Noble "Health Service Administrator"

On 9/16/2019 at or around 2245 Hours, I enformed Deputy Hollermann that I was experiencing severe cheast pains and want to make a medical emergency. Shortly after Deputy Hollermann advised me that, "Per Nurse Kim, fill out a sick call in the morning." Repeatedly I advised Deputy Hollerman the severity of the cheast pains, Deputy Hollermann advised me, there is nothing further she can do. Deputy Hollermann made sure to advise me that she logged into the log book what nurse Kim said, that she (Deputy Hollerman) is protected because she followed the correct procedure.

Within 30 to 45 mintues after I enformed Deputy Hollermann of the severe cheast pains Sergeant K. Kline called me to the Sergeants office for a unreleated investigation. At this point I enformed Sergeant K. Kline of the severe cheast pains as well as what happened with deputy Hollermann; Sergeant K. Kline advised me she would notify medical. Within a hour I spoke with Sergeant K. Kline three times, at one of these times Sergeant K. Kline advised me, she spoke with medical and medical told her that I have already been advised to fill out a sick call in the morning. Again I advised Sergeant K. Kline the severity of the cheast pains, Sergeant K. Kline told me she has done everything she could do to help.

**Note:** I was left in the cell I was housed in which felt like the severe cheast pains lasted forever, with no help causing extream emotional distress because I thought I was going to die. Also the cell I was in, is a cell that no deputy and/or inmate can see into unless that individual walks up to the gate of the cell, I was not checked on none that night. Also a sick call was filled out complaining about the severe cheast pains but as of today 10/7/2019 I still have not been seen by medical inreference to this.

Sergeant K. Kline and Deputy Hollermann failed to proceed any further, neither one of them took reasonable measures to ensure I recieved the proper medical

Medical treatment. Both Knew I faced a substantial risk of Harm due to the Chest pains Being a sign of a Heart Attack (Life or Death), they completely disreguarded that risk by failing to take reasonable measures to ensure I recieved proper medical attention. Deputy Hollermann very expressively possessed a culpable state of mind because she informed me that she is protected because she logged it into the log Book at 2248 Hours, deputy Hollermann was only worried about her own protection and could careless about my Health, as well as safty.

Nurse Kim refused to treat me, ignored my complaint and intentinally treated me incorrectly. Nurse Kim Knew I faced a substantial risk of harm and disreguarded that Risk By failing to take reasonable measures to ensure I recieved adequate medical assistance.

These officals Knew of and disreguarded an excessive Risk to inmate safty or Health. This is indequate trainning By all defendants, the denial of medical assistance was not objectly reasonable.

**Sheriff Joseph P. Lopinto, III:** has lowel level staff carrying out orders and enforcing policies; Knows, or should Know, that J.P.C.C. is utilizing unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to act.

**Deputy Chief Sue Ellen Monfra:** Has lower level staff carrying out orders and enforcing policies; Knows, or should Know, that J.P.C.C. is utilizing unconsititutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to act.

**Major Edward Olsen:** Has lower level staff carrying out orders and enforcing policies; Knows, or should Know, that J.P.C.C. is utilizing unconsititutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to act.

**Captain B. Bordelon:** Has lower level staff carrying out orders and enforcing policies; Knows, or should Know, that J.P.C.C. is utilizing unconsititutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to act.

**Nurse Skye Noble:** has lower level staff carrying out orders and enforcing policies; Knows, or should Know, that Correct Health is utilizing unconsititutional procedures and fail to correct the violation; Has the power to correct the violation and the duty to act.

If there is any ad hoc insight gathered By this Honorable Court please address it accordingly. My Interpretation is of course limited to my Knowledge; this should not limit the scope of this civil action.

Relief:

Compensatory Damages and/or nominal damages and/or punitive damages and/or discretionary damages and/or all other equitable relief as the court deems proper and necessary.

**Note**: If this court needs to modify the Relief it is asked of this Honorable Court to do so.

It is further asked of this court to appoint a special monitor to investigate this throughly to see if this has been and/or is a recurring event.

## B.

Grievance #/Status: Grievance filed date: 9/20/2019 ; still pending

Defendants:

- Jefferson Parish Correctional Center
- Joseph P. Lopinto "Sheriff"
- Sue Ellen Monfra "Deputy Chief"
- Major Edward Olsen "Deputy Administrator"
- Captain B. Bordelon "Assistant Deputy Administrator"
- Correct Health
- Skye Noble "Health Service Administrator"
- Juanita Alexander-Saller "Nurse Practitioner"
- Deanna Quin-Stevenson "Nurse Practitioner"

CorrectHealth and Jefferson Parish Correctional Center "J.P.C.C." is currently in violation of **HIPA** rules and regulations. According to **HIPA**, each patient in a Doctor-Patient releationship has the right to privacy of medical records and medical consultation, oral and/or written. The conditions presented in the Correct Health clinic at Jefferson Parish Correctional Center are as follows: Deputies and/or Personnal of JPCC as well as fellow inmates can easily become privy to conversations between Healthcare professional(s) and inmate patients. There are no private rooms in the clinic, the other inmates in the clinic waiting to be seen by the physician and/or nurse-practitioner are no further than five feet away from the Doctor-Patient conversations as well as deputies and/or JPCC ~~Personnal~~ Personnal standing right there, all can easily hear the entire conversation.

When asking for privacy with the provider it is enformed" These are CorrectHealth and J.P.C.C. policies that are strictly enforced." The answer for a resolution to the privacy issue is "The patient can refuse medical if the privacy conditions are a issue." This is a complete violation of **HIPA**,

no patient should be subject to privacy violations while speaking with the provider.

Juanita Alexander-Saller and Denna ~~Qin~~ Quin-Stevenson are nurse-practitioners that I've specifically seen numerious times with fellow inmates and/or deputies and/or JPCC personnal listening to all my health issues, Saller and Stevensons are both fully aware of the HIPA Rules and regulations.

**Note:** Thousands of inmates have been seen by medical without the HIPA rules and regulations enforced.

**Sheriff Joseph P. Lopinto:** Has lower level staff carrying out orders and enforcing policies; Knows, or should know, that J.P.C.C. is utilizing unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to act.

**Deputy Chief Sue Ellen Montra:** Has lower level staff carrying out orders and enforcing policies; Knows, or should know, that J.P.C.C. is utilizing unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to act.

**Major Edward Olsen:** Has lower level staff carrying out orders and enforcing policies; Knows, or should know, that J.P.C.C. is utilizing unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to act.

**Captain B. Bordelon:** Has lower level staff carrying out orders and enforcing policies; Knows, or should know, that J.P.C.C. is utilizing unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to act.

**Nurse Skye Noble:** Has lower level staff carrying out orders and enforcing policies; Knows, or should know, that Correct Health is utilizing unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to act.

If there is any ad hoc insight gathered by this Honorable Court please address it accordingly. My ~~Insight~~ Interpretation is of course limited to my knowledge; this should not limit the scope of this civil action.

~~Reliefs~~
Relief:

Nominal damages and/or punitive damages and/or enhanced damages and/or all other equitable relief as the court deems proper and necessary.

**Note:** If this court needs to modify the relief it is asked of this Honorable Court to do so.

It is further asked of this court to appoint a special Monitor to observe the design of the Correct Health clinic.

## VII.

**Grievance# | status:** 1907020 / still pending

**Defendants:**

A. Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

B. Joseph P. Lopinto, III "Sheriff"
Jefferson Parish Sheriffs Office
1233 Westbank Expwy., Bldg. A; Harvey, LA 70058

C. Sue Ellen Monfra "Deputy Chief"
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

D. Major Edward Olsen "Deputy Administrator"
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

E. Captain B. Bordelon "Assistant Deputy Administrator"
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

**Statement of Claim:**

The Jefferson Parish Correctional Center "J.P.C.C." is selectively and/or deliberately not passing out mail that is on a Business day, nor a weekend **and/or** a Holiday.

On 7/5/2019 mail at J.P.C.C. was not picked up and/or passed out through out the entire facility. Also around major Holidays i.e. Christmas and/or New Years administrations takes off either a day before and/or a day after both Christmas and/or new years, Repeatively making it a 3 day Holiday during the week reguardless of what day of the week the Holiday actually falls on. Again these are business days that mail is supposed to be

picked up and/or passed out.

Some Legal Documents are time sensitive and these documents can't be brought to the court house and/or other entities by the inmate. The Post Mark date on these envelopes are rules of the court on when documents are filed on time, this Honorable court should understand.

J.P.C.C. Administrations is abusing ~~there~~ their discretion on the mail through careful deliberation on how the system runs. This is not a sistuation that has happened once than corrected, but Administrations is authorizing this to be done making it a recurring event to not pass out mail and/or pick up mail on Business days.

**Sheriff Joseph P. Lopinto, III:** Has lower level staff carrying out orders and enforcing policies; Knows, or should know, that J.P.C.C. is utilizing unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to act.

**Deputy Chief Sue Ellen Monfra:** Has lower level staff carrying out orders and enforcing policies; Knows, or should know, that J.P.C.C. is utilizing unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to act.

**Major Edward Olsen:** Has lower level staff carrying out orders and enforcing policies; Knows, or should know, that J.P.C.C. is utilizing unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to act.

**Captain B. Bordelon:** Has lower level staff carrying out orders and enforcing policies; Knows, or should know, that J.P.C.C. is utilizing unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to act.

**If there is any ad hoc insight gathered by this Honorable Court please address it accordingly. My Interpretation is of course limited to my knowledge; this should not limit the scope of this Civil Action.**

## Relief:

Nominal damages and/or punitive damages and/or all other equaitable relief as the court deems proper and necessary.

**Note:** If the court needs to modify the relief it is asked of this Honorable court to do so.

# VIII.

**Grievance # | Statis:** 1904047 / Exhausted

## Defendants:

A. Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

B. Joseph P. Lopinto, III "Sheriff"
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

C. Sue Ellen Monfra "Deputy Chief"
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

D. Major Edward Olsen "Deputy Administrator"
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

E. Captain B. Bordelon "Assistant Deputy Administrator"
Jefferson Parish Correctional Center
100 Dolhonde Street; Gretna, LA 70053

## Statement of Claim:

Between the dates of 10/16/2018 to 6/11/2019 I was a pro-se defendant on the criminal charges that were pending. The Jefferson Parish Correctional Center "J.P.C.C." Law Library does not have adequate books and/or updated books to allow a defense to be prepared. Administrations at the facility would only authorize one hour every other week for me to be able to utilize the law library to prepare a defense; request were wrote for books and to be able to utilize the law library more but I was continually denied. JPCC had proper documents from the 24th Judicial District Court informing JPCC that I was a pro-se defendant. (A Grievance was not filed on this matter on grounds that I was in fear of JPCC retaliating on me by restricting me even more and/or not recieve the proper assistance.) Even though a Grievance was not filed on access to the Law Library Deputy Chief Sue Ellen Monfra answered to the law library in her response to the listed grievance.

Also 90% of my discovery is on a laptop a which a court order

was filed and subsequently served upon JPCC Administrations as well as Sheriff Joseph P. Lopinto, III, that I be able to access a computer terminal to access the discovery on the laptop. The space to be able to utilize the Laptop is only limited to one ~~inmate~~ inmate at a time, which this space is utilized for multiple purposes witin JPCC. While I was pro-se between 10/16/2018 and 6/11/2019 I was limited to the amount of time I was allowed to utilize the laptop, making it difficlut to prepare a defense within a reasonable time. This facitity has numerous places to allow inmates to utilize the laptops, where multiple inmates can be at once, JPCC Refuses to make this available. As technology changed and JPCC as well as the Jefferson Parish Sheriffs office along with Jefferson Parish District Attorney update all their software and/or Hardware for obtaining statements as well as discovery, the JPCC did not update nothing to allow inmates to be able to view all of their discovery while being pro-se as well as other inmates within the JPCC who need to utilize a laptop as well.

Due to these two major issues I could not properly prepare a defense in order to prepare for Trial. The case was turned back over to counsel.

**Sheriff Joseph P. Lopinto, III:** Has lower level staff carrying out orders and enforcing policies; Knows, or should know, that J.P.C.C. is utilizing unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to act.

**Deputy Chief Sue Ellen Monfra:** Has reviewed individual grievances but has not corrected the violation; has lower level staff carrying out orders and enforcing policies; Knows, or should know, that J.P.C.C. is utilizing unconstitional procedures and failing to correct the violation; Has the power to correct the violation and the duty to act.

**Captain B. Bordelon:** Has reviewed individual grievances but has not corrected the violation; has lower level staff carrying out orders and enforcing policies; Knows, or should know, that J.P.C.C. is utilizing unconstitional procedures and failing to correct the violation; Has the power to correct the violation and the duty to act.

**Major Edward Olsen:** Has reviewed individual grievances but has not corrected the violation; has lower level staff carrying out orders and enforcing policies; Knows, or should know, that J.P.C.C. is utilizing unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to act.

**If there is any ad hoc insight gathered by this Honorable Court please address it accordingly. My Interpreation is of course limited to my knowledge; this should not limit the scope of this civil action.**

## Relief:

Nominal damages and/or punitive damages and/or all other equitable relief as the court deems proper and necessary.

# IX.

It is asked of this Honorable Court to "**MOOT**" this claim (IX) until the pending cases within the 24th Judicial District Court have been resolved; case numbers: 16-3781, 16-3960, 16-5822.

## Defendants:

A. Joseph P. Lopinto, III "Sheriff"
Jefferson Parish Sheriffs Office
1233 Westbank Expwy., Bldg. A; Harvey, LA 70058

B. Detective David DeRoche
Jefferson Parish Sheriffs Office
1233 West Bank Expwy., Bldg. A; Harvey, LA 70058

## Statement of Claim:

On 10/18/2018 Detective David DeRoche testified under OATH at a Preliminary Examination in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, on case #s: 16-3781; 16-3960; 16-5822. Detective David DeRoche deliberately lied under oath in reference to the arrest warrant he drafted up on April 15, 2016 in reference to Raymond H. Kimble, III. Detective David DeRoche gave untruthful testimony on 10/18/2018 in order for the 24th Judicial District Court to find probable cause in order to keep Raymond H. Kimble, III incarcerated. **(More details will be submitted upon the compleation of these cases)**

**Sheriff Joseph P. Lopinto, III:** Has lower level staff carrying out orders and enforcing policies; Knows, or should know, that the Jefferson Parish Sheriffs Office is utilizing unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the Duty to Act.

## Relief:

Compensatory damages and/or nominal damages and/or punitive damages and/or enhanced damages and/or all other equitable relief as the Court deems proper and necessary.

**Note:** If the Court needs to modify the relief, it is asked of this Honorable Court to do as needed.

## III. Parties

B. Defendant Jefferson Parish Correctional Center
- Address for service: 100 Dolhonde Street; Gretna, LA 70053

C. Defendant Joseph P. Lopinto, III is employed as Sheriff at Jefferson Parish Sheriffs Office
- Address for service: 1233 Westbank Expwy., Bldg. A; Harvey, LA 70058

D. Defendant Sue Ellen Monfra is employed as Deputy Chief at Jefferson Parish Correctional Center
- Address for service: 100 Dolhonde Street; Gretna, LA 70053

E. Defendant John Fitzpatrick is employed as Legal Advisor at Jefferson Parish Correctional Center
- Address for service: 100 Dolhonde Street; Gretna, LA 70053

F. Defendant Edward Olsen is employed as Major "Deputy Administrator" at Jefferson Parish Correctional Center
- Address for service: 100 Dolhonde street; Gretna, LA 70053

G. Defendant B. Bordelon is employed as Captain "Assistant Deputy Administrator" at Jefferson Parish Correctional Center
- Address for service: 100 Dolhonde Street; Gretna, LA 70053

H. Defendant Wilkie (Full name Unknown) is employed as Lieutenant "Security Investigations Unit" at Jefferson Parish Correctional Center
- Address for service: 100 Dolhonde street; Gretna, LA 70053

I. Defendant R. Halstead is employed as Captain at Jefferson Parish Correctional Center
- Address for service: 100 Dolhonde Street; Gretna, LA 70053

J. Defendant T.C. Rois is employed as Lieutenant at Jefferson Parish Correctional Center
- Address for service: 100 Dolhonde Street; Gretna, LA 70053

K. Defendant Murray (Full name Unknown) is employed as Sergeant at Jefferson Parish Correctional Center
- Address for service: 100 Dolhonde street; Gretna, LA 70053

L. Defendant C. Silbernagel is employed as Sergeant at Jefferson Parish Correctional Center
- Address for Service: 100 Dolhonde Street; Gretna, LA 70053

M. Defendant K. Kline is employed as Sergeant at Jefferson Parish Correctional Center
- Address for Service: 100 Dolhonde Street; Gretna, LA 70053

N. Defendant C. Rivers is employed as Deputy "Security Investigations Unit" at Jefferson Parish Correctional Center
- Address for Service: 100 Dolhonde Street; Gretna, LA 70053

O. Defendant E. Banner is employed as Deputy "Security Investigations Unit" at Jefferson Parish Correctional Center
- Address for Service: 100 Dolhonde Street; Gretna, LA 70053

P. Defendant Mendoza (Full name Unknown) is employed as Deputy at Jefferson Parish Correctional Center
- Address for Service: 100 Dolhonde Street; Gretna, LA 70053

Q. Defendant Hollermann (Full name Unknown) is employed as Deputy at Jefferson Parish Correctional Center
- Address for Service: 100 Dolhonde Street; Gretna, LA 70053

R. Defendant J. Shaw is employed as Deputy at Jefferson Parish Correctional Center
- Address for Service: 100 Dolhonde Street; Gretna, LA 70053

S. Defendant Correct Health ~~Medical Services~~
- Address for Service: 100 Dolhonde Street; Gretna, LA 70053

T. Defendant Skye Noble is employed as Nurse "Health Service Administrator" at Correct Health
- Address for Service: 100 Dolhonde Street; Gretna, LA 70053

U. Defendant Kim (Full name Unknown) is employed as Nurse at Correct Health
- Address for Service: 100 Dolhonde Street; Gretna, LA 70053

V. Defendant Juanita Alexander-Saller is employed as Nurse-Practitioner at Correct Health
- Address for Service: 100 Dolhonde Street; Gretna, LA 70053

W. Defendant Deanna Quin-Stevenson is employed as Nurse-Practitioner at CorrectHealth
- Address: 100 Dolhonde Street; Gretna, LA 70053

X. Defendant David DeRoche is employed as Detective at Jefferson Parish Sheriffs Office
- Address: 1233 Westbank Expwy., Bldg. A; Harvey, LA 70058

10/7/2019

Raymond H. Kimble, III 11/29/1986

To whom it may concern:

Enclosed is a 1983 Complaint Form and Application to Proceed without Payment. Can you please file these documents and send me the case #.

Enclosed:

2 Pages "Application to Proceed without Payment"

39 Pages "1983 Complaint form"

25 pages "Grievances"

Please note: Some of the Grievances are front and Back.

Thanking you in Advance,

R Kimble, III

Raymond H. Kimble, III # 1000237229
J.P.C.C. Inmate Housing Area
100 Dolhonde Street
Gretna, LA 70053

Raymond H. Kimble, III #1000237229
J.P.C.C. Inmate Housing Area
100 Dolhonde Street
Gretna, LA 70053




Clerk's Office
United States District Court
Eastern District of Louisiana
500 Poydras Street; Room C-151
New Orleans, LA 70130

RAYMOND H KIMBLE, III

MAIL UNCENSORED
JEFFERSON PARISH
CORRECTIONAL CENTER NOT
RESPONSIBLE FOR CONTENTS

Date: 10/7/2019