United States District Court
Eastern District of Louisiana

Raymond H. Kimble, III

-vs-

Joseph P. Lopinto, et al

TENDERED FOR FILING
NOV 22 2019
U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

FILED NOV 22 2019
WILLIAM W. BLEVINS
CLERK

Civil Action
No. 19-13078
Sec. A "Mag. 1"

## Motion To Amend Claim

Now into court comes, Raymond H. Kimble, III, plaintiff, proceeding pro-se who asks this Honorable Court to note the following as part of the entire claim as well as each individual claim that is within its captivity.

- Plaintiff wants to stress to this court that he is a pre-trial detainee and the entire claim be viewed under the **Fifth and Fourteenth** Amendment, due process clause as well as all other parts of the Constitution that may apply.

- Plaintiff understands that "certain" conditions at Jefferson Parish Correctional Center may not be unconstitution or to a small degree but the totality of the conditions add up to create an overall effect that is unconstitutional. Palmer v. Johnson, 193 F.3d 346 (5th Cir. 1999). Wilson v. Seiter, 501 U.S. 294, 305 (1991), The Supreme Court has limited this argument to where multiple conditions add up to create a single identifiable harm.

- Plaintiff also asks this Honorable Court to review each claim in it individual captivity as well as a whole.

- Plaintiff also avers that all defendants have reason to lie, so it is asked of this Honorable Court to **Review** and/or **seek** all **Facts** in reference to the claim before making a ruling.

---

The following is a amendment to each claim in its individual captivity as well as numbered the same way the claim was

1

___ Fee ___
___ Process ___
_X_ Dktd ___
___ CtRmDep ___
___ Doc. No. ___

numbered in the original filing. Also clarification to certain parts of the **SPEARS HEARING** that was held on the 15th day of November, 2019:

## I.

- Additional Defendants:

    Major Edward Olsen: Has lower level staff carrying out orders and enforcing policies; knows, or should know, that J.P.C.C. is utilizing unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to Act

- Males and Females are similary sistuated, all females (of all security Risk) are allowed to have sholder length Hair.

- The haircut policy doesn't have any purpose and/or it is overly restrictive and/or exaggerated to a real concern for **PRETRAIL** detainees.

## III A. & III B.

- Every inmate who is in the end cells on Administrative Segreation is treated differently than the way most inmates are treated on Administrative Segreation also the entire facility and this is causing hardship because the sistration as a whole is really awful.

- Only to "Emphasize" from the **SPEARS HEARING**: Cells on Administrative Segreation ARE NOT selected at Random (names can be provided of other inmates who are kept in end cells reguardless of what Dorm the inmate is placed on); Also a inmate was moved out the cell plaintiff was place in, inmate was placed in another Administrative Segreation cell on the same Dorm, both one man cells, in order to punish plaintiff (inmate was moved to A middle cell).

- Plaintiff would also like this court to note: Plaintiff's end cell broke on Administrative Segreation and had to be closed for repairs, a cell was open on the same dorm (middle cell) but plaintiff was moved to another Administrative Segreation dorm in order to be placed in A end cell (This is believed to be in the original filing).

- Placed on Segreation without notice violates, Procedural Due Process.

2

## V.

- Amend: "Lieutenant Wilkies" name to "Lieutenant Aaron Wilkie"

- Additional Defendant:

  Lindsey Valenti "Legal Advisor" employed by: Jefferson Parish Correctional Center; 100 Dolhonde Street; Gretna, LA 70053

  Lindsey Valenti: Has reviewed individual Grievances and failed to correction the violation; Knows, or should know, that J.P.C.C. is utilizing unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to Act.

- Sue Ellen Monfra: Has reviewed individual Grievances and failed to correct the violation.

## VI-A.

- Additional defendant:

  J. Llovet "Registered Nurse, Director of Clinical Services" employed by: ~~Jefferson Parish Correctional Center~~ "Correct Health"; 100 Dolhonde Street; Gretna, LA 70053.

  J. Llovet: Has reviewed individual Grievances and failed to correct the violation; Knows, or should know, that Correct Health is utilizing unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to Act; Has lower level staff carrying out orders, and enforcing policies.

- SKY Noble: Has reviewed individual Grievance and failed to correct the violation.

- Within the week of 11/11/2019 Skyler Stillwell #1000572989 complained of chest pains and was told to fill out a sick call.

- Medical fails to respond appropriately or does not respond at all to your serious medical needs; Scott v. Ambani, 577 F.3d 642 (6th Cir. 2009); Sproill v. Gills, 372 F.3d 218 (3d. Cir. 2004); Meloy v. Bachmeier, 302 F.3d 845, 849 (8th Cir. 2002).

3

- Prison guards or other non-medical officers intentionally deny or delay your access to treatment; Brown v. District of Columbia, 514 F.3d 1279 (D.C. Cir. 2008)

- Only to "Emphasize" from the **Spears Hearing**: That night I was experiencing sever chest pains, <u>not an anxiety attack</u>, as I've already stated my arm (left) went numb and shortness of breath. I was only brought to medical to see the social worker on the anxiety and paranoia that I recieved after not being able to make a sick call, I thought I was going to die. To re-assure this Honorable Court that a sick call was turned into medical the next morning, but as of today I have still not been brought medical in reference to chest pains. I am informing this court that I had sever chest pains and Correct Health is in an attempt to manipulate the entire sistuation. That night I could have had a minor heart attack or stroke, I am not a doctor nor is this Honorable Court to be able to diagnosis the extent of damage as to what happened that night.

- It is asked of this Honorable Court that I be sent to a outside specialist to diagnosis the entire sistuation before any and all rulings are made on this matter.

## VI B.

- Sky Noble: Has review individual grievance and failed to correct the violation.

- This violation has already occured and cannot be reversed.

- The constitution protects your right to have prisoners sensistive medical information kept private. Prison officals are only allowed to share this information about you if it is reasonably related to a legitimate penological objective; Powell v. Schriver, 175 F.3d 107, 113 (2d Cir. 1999).

## VII.

- Additional Defendants:

    T. Berrian "Lieutenant" employed by Jefferson Parish Correctional

4

Center; 100 Dolhonde Street; Gretna, LA 70053.

Lieutenant T. Berrian: Set the schedule for the mail to not be passed out; Has reviewed individual grievances and failed to correct the violation; Has lower level staff carrying out orders and enforcing policies; Knows or should know that J.P.C.C. is utilizing unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to act.

Lindsey Valenti "Legal Advisor" employed by: Jefferson Parish Correctional Center; 100 Dolhonde street; Gretna, LA 70053.

Lindsey Valenti: Has reviewed individual grievances and failed to correct the violation; Knows, or should know, that J.P.C.C. is utilizing unconstitutional procedures and failing to correct the violation; Has the power to correct the violation and the duty to act.

- Sue Ellen Monfra: Has reviewed individual grievances and failed to correct the violation.

## ~~VIII~~

- The time I was allowed in the Law Library was to restrictive causeing me not to be able to fully represent myself pro-se, causing delays to the ~~course~~ case, forcing me to not be pro-se.

- The time I was allowed to view video discovery was to restrictive causing me not to be able to fully represent myself pro-se, causing delays to the case, forcing me to not be pro-se.

- Only to "Emphasize" from the Spears Hearing: Standby Counsel/Shadow Counsel was very limited to the scope of what counsel was allowed to do, counsel was only for trial purposes, not to assist or help. Counsel was fired.

---

Conclusion, plaintiff feels as though he was being attacked during the **SPEARS HEARING** by trying to trick the plaintiff into answering questions, that were already answered in the original complaint, differently. It is also asked of this court to <u>note</u>, prior to the Spears Hearing starting,

5

plaintiff asked this Honorable Court if documents have been filed on behalf of all defendants and/or if medical Records were present and/or reviewed, which plaintiff did not recieve prior to the spears Hearing, that a continuance be issued on the spears Hearing. Reason why plaintiff was requesting these documents prior to the Hearing is so that plaintiff could make proper preperation to the inconstancys in these documents.

Since motions were filed on Behalf of all defendants and/or medical Records for plaintiff were present (Defendants Counsel Had) it is asked of this Honorable Court to Re-consider all facts in reference to what defendants filed and/or facts recieved at the SPEARS HEARING. Plaintiff felt as though He was ambushed at the SPEARS HEARING.

WHEREFORE, Plaintiff Asks this Honorable Court to grant leave freely to amend complaint; Forman V. Davis, 371 U.S. 178, 182 (1962).

Respectfully Submitted,

/s/ Raymond H. Kimble, III

11/18/2019

Raymond H. Kimble, III #1000237229
J.P.C.C. Inmate Housing Area
100 Dolhonde Street
Gretna, LA 70053

6

Raymond H. Kimble, III # 1000237229
J.P.C.C. Inmate Housing Area
100 Dolhonde Street
Gretna, LA 70053

NEW ORLEANS LA 700
19 NOV 2019 PM 1 L

Clerk's Office
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room C-151
New Orleans, LA 70130

MAIL UNCENSORED
JEFFERSON PARISH
CORRECTIONAL CENTER NOT
RESPONSIBLE FOR CONTENTS